| | |
|---|---|
| ROBERT MCCRACKEN )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ABB INC. d/b/a ABB DE INC. )<br>)<br>ABB ENTERPRISE SOFTWARE INC. )<br>a/k/a HITACHI ABB POWER GRIDS )<br>)<br>    Defendants. )<br>) | Case No. 2:21-CV-4041<br><br>JURY DEMANDED |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION

Defendants ABB Inc. d/b/a ABB DE Inc. and ABB Enterprise Software Inc. a/k/a Hitachi ABB Power Grids ("Defendants"), by and through the undersigned attorneys of record, submit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the following Suggestions in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Petition:

## INTRODUCTION

This lawsuit is about Plaintiff's claim that Defendants discriminated against him because of his disability. Even though Plaintiff includes a claim loosely based on Missouri's Worker's Compensation Act, that claim is also based on alleged disability discrimination and not workers' compensation discrimination or even the filing or pursuit of a claim for workers' compensation benefits. The gist of Plaintiff's action addresses alleged disability discrimination, and Plaintiff's efforts to include a claim under Missouri's Workers' Compensation Act appear to be intended solely to impede Defendants' ability to remove this matter to federal court. As addressed herein, benefits under the Missouri Workers' Compensation Act are wholly separate from Plaintiff's civil

relief; the Division of Workers' Compensation has exclusive jurisdiction to award benefits, and the potential existence of a workers' compensation claim is at best a red herring for purposes of whether Plaintiff has stated a claim that can survive dismissal in this litigation.

According to his pleading, the genesis of Plaintiff's disability as it relates to this lawsuit is a blister that developed on his right foot, but Plaintiff did not file a Claim for Compensation under the Missouri Worker's Compensation Act for that blister or the physical conditions that developed afterwards. Defendants dispute the truth of all of Plaintiff's claims but acknowledge that Plaintiff's case is about disability discrimination – a claim addressed in the contemporaneously filed Answer. But Plaintiff has not alleged sufficient facts to support any claim for discrimination, retaliation, and/or discharge under Missouri Workers' Compensation Act, and these claims, as addressed herein, must be dismissed pursuant to Ruel 12(b)(6) based on Plaintiff's failure to state a claim.

## RELEVANT FACTS

Plaintiff filed the Amended Petition for Damages and Injunctive Relief ("Amended Petition") on February 2, 2021 in the Circuit Court of Callaway Count, Missouri, Case No. 20CW-CV00731. *See* Notice of Removal to United States District Court, Exhibit B [Doc. No. 1]. On March 2, 2021, Defendants removed Plaintiff's lawsuit to this Court. *See* Notice of Removal to United States District Court [Doc. No. 1]. In his Amended Petition, Plaintiff alleges a cause of action for disability discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Ann. Stat. § 213.010 *et seq.*, and claims for retaliatory discharge and discrimination under Missouri's Worker's Compensation Act, Mo. Ann. Stat. § 287.780. *See generally* Amended Petition.

Plaintiff's Amended Petition tells a story that begins with Plaintiff developing a blister on his right foot – allegedly from his work boots. Plaintiff alleges that, when he reported the injury to his supervisor, Defendants allegedly "did not send Plaintiff to the company nurse or refer Plaintiff

to visit a company affiliated doctor after he first reported his injury" and that "Defendant[s] failed to report Plaintiff's injury to the appropriate state authority or to Defendant's insurance carrier or third-party administrator." Amended Petition, ¶¶ 23-26. According to the timeline set forth in the Amended Petition, Plaintiff "sustained an injury to his foot while at work in November 2018," presumably referring to his blister. *Id.* ¶ 19. Plaintiff went out on leave for this injury in "early 2019." *Id.* ¶¶ 27-28. Very importantly in the context of this Motion, Plaintiff was then allowed to return to work after this injury in August 2019. *Id.* ¶ 36. He does not allege that Defendants denied his ability to return, or that they subjected him to any other adverse or other action following his alleged reporting of the blister. Plaintiff again returned to work in April 2020 without any restrictions, and according to the Amended Petition, "Plaintiff has been able to successfully complete his job without restrictions since his return." *Id.* ¶¶ 70-71.

Based on these facts, Plaintiff alleges he was somehow discriminated and retaliated against under Section 287.780 of Missouri Workers' Compensation Law for reporting his blister. *Id.* ¶ 76. However, as detailed herein, Plaintiff's Amended Complaint fails to state a claim for workers' compensation retaliation under Missouri law because he fails to sufficiently allege he was retaliated against or discriminated against in any way, and all such allegations should be dismissed in order to allow the Parties to focus on the real claim at issue here – Plaintiff's allegations of disability discrimination under the MHRA.

## LAW AND ARGUMENT

I.    **Plaintiff's pleading fails to survive the standard of review under Rule 12(b)(6).**

Plaintiff's Amended Petition fails to allege sufficient facts in order to state a claim for relief for discrimination, retaliation, and/or retaliatory discharge under Missouri's Workers' Compensation Law, and all such claims should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss under Rule 12(b)(6), "the factual

allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (internal citations omitted). In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court held that a complaint need not contain detailed factual allegations, but the plaintiff must provide grounds for entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Essentially, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie*, 630 F.3d at 716. Similarly, a plaintiff fails to sufficiently plead his or her claim and thus a motion to dismiss should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Koehler v. Brody*, 483 F.3d 590 (8th Cir. 2007) (quoting *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999)).

In *Ashcroft v. Iqbal*, the Supreme Court clarified that the analysis under Rule 12(b)(6) requires a two-pronged approach. First, the court should determine which allegations in the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Ashcroft*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court should evaluate the remaining portions of the complaint—in other words, the well-plead facts—and ascertain whether they give rise to a "plausible suggestion" of a claim. *Id.* at 1950. "[W]here the well-plead facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see also Gooden v. City of North Kansas City, Mo.*, No. 12–00286–CV–DGK, 2012 WL 4068582 (W.D. Mo. Sept. 14, 2012) (granting a motion to dismiss

and holding the complaint failed to comply with the *Twombly* and *Iqbal* plausibility standard).

Plaintiff's workers' compensation allegations are mere legal conclusions that should be disregarded as part of the Court's Rule 12(b)(6) analysis. Plaintiff's Amended Petition provides no factual support to establish his claim for workers' compensation retaliation. Instead, the facts as pled by Plaintiff actually disprove Plaintiff's workers' compensation claims, particularly since the Amended Petition notes that Plaintiff returned to work twice after his alleged initial blister injury. Plaintiff has failed to establish a causal connection between any action by him that could be construed as the exercise of a workers' compensation right and any action by Defendants that could be considered discriminatory or retaliatory. Furthermore, Plaintiff does not allege his employment was terminated for his retaliatory discharge claim because he remains employed with Defendants. For these reasons and as explained further below, Plaintiff's Amended Petition does not provide sufficient factual support to allow the Court to draw the reasonable inference that Defendants could be liable for the misconduct alleged under Missouri's Workers' Compensation Act. Therefore, Plaintiff's claims for discrimination, retaliation, and/or retaliatory discharge relating to workers' compensation should be dismissed under Rule 12(b)(6) for failure to state a claim.

## II. Plaintiff cannot state a claim for discrimination, retaliation, and/or retaliatory discharge under Section 287.780 of the Missouri Workers' Compensation Act.

Plaintiff's Amended Petition fails to plead the elements required for a discrimination and/or retaliation claim based on his exercise of rights protected under Missouri Workers' Compensation Act or any other applicable law because he did not file or even pursue a claim for workers' compensation benefits. Plaintiff therefore fails to state a claim for workers' compensation discrimination, retaliation, and/or retaliatory discharge from which relief may be granted, and these claims should be dismissed pursuant to Rule 12(b)(6).

Under Missouri's Workers' Compensation Act, "No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination." Mo. Stat. Ann. § 287.780. The statute specifically defines "motivating factor" as meaning that "the employee's exercise of his or her rights under [Missouri's Workers' Compensation Law] actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination." *Id.* In other words, to prevail on his claims under Section 287.780, Plaintiff "must establish he was discharged or discriminated against for exercising his rights under the Workers' Compensation Law." *Lambrich v. Kay*, 507 S.W.3d 66, 80 (8th Cir. 2016). More specifically, to establish a cause of action under Section 278.780, Plaintiff must prove four elements: (1) he was employed by Defendants before the injury; (2) he exercised a right under Chapter 287, Missouri's workers' compensation statute; (3) Defendants discriminated against or discharged Plaintiff; and (4) Plaintiff's exercise of rights under Chapter 287 was a motivating factor in his discharge or discrimination. *Templemire v. W&M Welding, Inc.*, 433 S.W.3d 371, 382 (Mo. 2014); Mo. Stat. Ann. § 287.780.

A. **Plaintiff did not engage in the protected activity required for his claims of discrimination, retaliation, and/or retaliatory discharge based on workers' compensation.**

Plaintiff did not exercise a right under Chapter 287 related to the injuries alleged in the Amended Petition, nor does he allege that he engaged in this protected activity. Amended Petition, ¶¶ 25-26. In an effort to manufacture protected activity, Plaintiff pleads that Defendants failed to report his injury to the appropriate state authority, referring to the Workers' Compensation Division, but not that he asked anyone to report it or that he otherwise sought benefits. *Id.* ¶¶ 25-26. Plaintiff simply does not allege that he made any efforts to file a workers' compensation claim, ask Defendants to assist him in filing a workers' compensation claim, or seek workers'

compensation benefits in any way – nor can he in this case. *Bumgarner v. Grafco Industries, LP*, 581 F. Supp. 2d 1052, 1062 (S.D. Iowa 2008) ("To prove causation in a claim for retaliatory discharge, the employee must show that the protected conduct—i.e., filing a workers' compensation claim or pursuing workers compensation benefits—caused the employer to terminate his employment."). As a result, Plaintiff provided no facts to establish he participated in any activity that would warrant protection under Section 287.780 or any other state or federal law.

Plaintiff's claims of discrimination and retaliation under the workers' compensation statute in Count I of the Amended Petition are inconsistent and logically impossible with Plaintiff's allegations that Defendants failed to report his injury as a workers' compensation claim because an individual cannot be discriminated or retaliated against on the basis of a protected activity in which he did not engage. *Templemire*, 433 S.W.3d at 377 ("It is palpable that a cause of action lies only if an employee is discharged discriminatorily [or otherwise discriminated against] by reason of exercising his or her rights under the workers' compensation law.").

Moreover, Plaintiff's lawsuit focuses on the treatment Defendants allegedly subjected him to after the infection to his foot and the consequential surgeries, but none of his allegations allege that he was mistreated for reporting his blister – the origin of his only alleged possible work-related injury. Nothing requires an employer to report a workers' compensation claim every time an employee identifies a simple injury like a blister, because, among other reasons, this typically only requires first aid and no further medical treatment. *See e.g.*, *Greenlee v. Dukes Plastering Servs.*, 75 S.W.3d 273, 277 (Mo. 2002) ("Although the Workers' Compensation Act is to be liberally interpreted, courts may not read into the statute a provision that all diseases incurred during employment are occupational diseases.").

Notably, Plaintiff was allowed to return to work in August 2019 and again in April 2020;

thus, Plaintiff was not subject to any adverse action or discrimination as the result of any injury, whether work-related or otherwise. Accordingly, to the extent Plaintiff maintains that reporting his blister was the exercise of a right under the Missouri Workers' Compensation Act, Plaintiff's Amended Petition fails to connect the report of his blister to any workers' compensation claim or any alleged discrimination or retaliation that followed.

**B. As outlined in his Amended Petition, Plaintiff's employment was not terminated, and, thus, he cannot prove his claim for retaliatory discharge.**

It is undisputed that Plaintiff was employed by Defendants at the time of his alleged injury and that Plaintiff remains employed with Defendants. Even assuming Plaintiff exercised a right under Chapter 287, which Defendants deny, Plaintiff fails to state a claim for retaliatory discharge because he remains employed with Defendant ABB Enterprise Software Inc. Despite Plaintiff's assertion in the caption of his Count I that he was the subject of retaliatory discharge based on the exercise of his workers' compensation right, noticeably absent from Plaintiff's Amended Petition is any allegation that Plaintiff's employment was terminated. *See generally* Amended Petition. In fact, Plaintiff's Amended Petition states, "Plaintiff returned to work without restrictions in April 2020," and "Plaintiff has been able to successfully complete his job without restrictions since his return." Amended Petition, ¶¶ 70-71. Therefore, Plaintiff fails to state a claim for retaliatory discharge under Section 278.780, and all allegations related to retaliatory discharge under Missouri's workers' compensation statute should be dismissed.

**C. Plaintiff was not discriminated against based on the exercise of a workers' compensation right, and his claim for workers' compensation discrimination fails.**

Plaintiff's efforts to offer vague, self-serving, and conclusory allegations in support of his claim that he was discriminated against based on the exercise of a right under Missouri's workers' compensation law must fail because, even assuming Plaintiff exercised a workers' compensation right, he has not provided any facts that could establish a causal connection between the exercise

of same and any purported discrimination. *See generally* Amended Petition.

The facts as stated in the Amended Petition establish that Plaintiff has returned to work from medical leave twice since his alleged work-related injury that occurred in the beginning of 2019. *See* Amended Petition. He first returned to work in August 2019, went out on medical leave a second time, and then returned to work again in April 2020. *Id*. Plaintiff claims that he was discriminated against under Section 278.780 by not being allowed to return to work sooner based on representations from his physician and the Defendant's physician, but the fact that Plaintiff returned to work twice during this time period – first in August 2019 and again in April 2020 – cuts off the temporal proximity required to establish a causal connection between the work-related injury, i.e. Plaintiff's blister, and Defendants' purported discriminatory or retaliatory actions. *See Hickman v. May Dept. Stores Co*., 887 S.W.2d 628 (Mo. Ct. App. 1994) (holding that a 9-month time span between when the plaintiff filed his claim for workers' compensation and when he was discharged and a 7-month time span between the filing of his workers' compensation claim and receiving his first negative job appraisal were not close enough to establish temporal proximity for a retaliatory discharge claim).

All of Plaintiff's allegations of discrimination contained in his Amended Petition are clearly based on his disability, not on any exercise of a workers' compensation right stemming from his blister, because there was no workers' compensation claim. Defendants maintain that they did not discriminate against Plaintiff based on any protected activity; however, to the extent Plaintiff may be able to proceed on any discrimination claim as a result of his Amended Petition, his claims are, at best, brought as disability discrimination claims under the MHRA. Because of Plaintiff's failure to provide any factual support that a causal connection exists between the alleged protected activity and any actions by Defendants, Plaintiff cannot state a claim for discrimination

under Section 287.780, and all such causes of action should be dismissed.

**D. Any claims for workers' compensation benefits and/or the administration of such benefits are subject to the jurisdiction of the Missouri Workers' Compensation Division and not the courts, pursuant to the exclusivity provision of the Missouri Workers' Compensation Act.**

To the extent Plaintiff alleges that Defendants discriminated or retaliated against him in not allowing him to return to work based on the medical advice provided by his doctor and a doctor affiliated with Defendants, any such allegations do not state a claim for workers' compensation discrimination or retaliation under Section 278.780. *See, e.g. Jackson v. General Motors LLC*, No. 4:18-CV-1243, 2020 WL 3469334, at *35 (E.D. Mo. June 25, 2020) (holding that an employee's allegation he was retaliated against when his employer contested his workers' compensation claim, which made him eligible for unpaid leave rather than paid leave, did not state a claim for workers' compensation retaliation as it was precluded by the exclusivity provision). Instead, it is well-established that claims related to the administration of a workers' compensation claim, including decisions as to what type of care is reasonable, are generally subject to the exclusive jurisdiction of the Workers' Compensation Division rather than the courts. *See* Mo. Ann. Stat. § 287.120; *Lambrich*, 507 at 77-78 (holding allegations of inadequate medical treatment were within the exclusive jurisdiction of the Division). Accordingly, to the extent Plaintiff has pleaded discrimination or retaliation based on the denial or improper administration of a workers' compensation right, the allegations as stated are within the exclusive jurisdiction of the Workers' Compensation Division.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendants respectfully request that Plaintiff's cause of action for retaliatory discharge and discrimination under Section 287.780, as alleged in the Amended Petition, be dismissed with prejudice.

Respectfully submitted,


*/s/ Jonathan C. Hancock*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Jonathan C. Hancock (TN Bar # 018018)
(admitted *pro hac vice*, Doc. No. 9)
Shayna A. Giles (TN Bar # 036023)
(admitted *pro hac vice*, Doc. No. 10)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
jhancock@bakerdonelson.com
sgiles@bakerdonelson.com
(901) 526-2000 – Telephone
(901) 577-2303 – Facsimile

SANDBERG PHOENIX
Zachary S. Merkle, #68258MO
Jonathan W. McCrary, #66484MO
600 Washington Avenue
St Louis, MO  63101
zmerkle@sandbergphoenix.com
jmccrary@sandbergphoenix.com
(314) 446-4225 – Telephone

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of March 2021, a true and correct copy of the foregoing document was served via electronic mail to:

Gene P. Graham, Jr.
Deborah J. Blakely
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 – Telephone
(816) 373-9319 – Facsimile
graham@wagblaw.com
dblakely@wagblaw.com

*Attorneys for Plaintiff*

*/s/ Jonathan C. Hancock*