IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT MCCRACKEN, ) | |
| ) | |
| Plaintiff ) | Case No. 2:21-CV-4041 |
| ) | |
| v. ) | |
| ) | |
| ABB Inc. d/b/a ABB DE INC.; and ) | |
| ABB ENTERPRISE SOFTWARE INC. ) | |
| a/k/a HITACHI ABB POWER GRIDS ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO REMAND AND SUGGESTIONS IN SUPPORT**

Plaintiff McCracken seeks remand of this case to Missouri state court because Plaintiff's claim for worker's compensation discrimination under RSMO § 287.780 is not removable under 28 U.S.C. § 1445(c).

**I.     INTRODUCTION**

Plaintiff filed suit in Missouri state court in August 2020 and amended his petition in February 2021 after receiving a notice of right to sue from the Missouri Commission on Human Rights. Both the initial and amended petition assert claims for worker's compensation discrimination in violation of RSMo § 287.780 and disability discrimination under the Missouri Human Rights Act. Defendants removed the action on March 2, 2021 based on diversity, claiming that Plaintiff's RSMo § 287.780 claim is frivolous. Defendants ignore that RSMo § 287.780 discrimination claims <u>do not</u> require termination of employment and <u>do not</u> require that a worker's compensation claim be filed. Plaintiff advised Defendants both before and after Defendants' removal of the case that the case is not appropriate for removal pursuant to 28 U.S.C. § 1445(c).

1

## II. STATEMENT OF FACTS

Plaintiff has worked for Defendants for over ten years. (First Amended Petition ¶ 18.) Defendants are aware that Plaintiff is diabetic. (First Amended Petition ¶ 17-18.) In the fall of 2018 Defendants supplied Plaintiff rubber boots to wear as part of Defendants' safety equipment. (First Amended Petition ¶ 20-21.) Plaintiff informed Defendants that the boots were too tight, and he was supplied a second pair. (First Amended Petition ¶ 22.) The second pair of boots were also ill-fitting and caused a blister. (First Amended Petition ¶ 23.) Plaintiff immediately reported the injury to his supervisor. (First Amended Petition ¶ 24.) Defendants took no action in response to the report of injury. (First Amended Petition ¶ 24-26.)

The blister on Plaintiff's foot became infected and spread into his foot. (First Amended Petition ¶ 27.) Plaintiff was required to undergo surgeries and amputations on his foot throughout 2019. (First Amended Petition ¶ 28, 30.)

Plaintiff was released to return to work in July 2019 by his physician, but Defendants required Plaintiff to undergo multiple "work function tests" before he was allowed to return to work, including an additional "balance test." (First Amended Petition ¶ 33-36, 40-49.) Even after passing the work function tests and balance tests, Defendants would not allow Plaintiff to return to work and delayed his return to work for months, placed various restrictions upon his return, and ultimately allowed him to return with no restrictions. (First Amended Petition ¶ 49-68.) Notwithstanding that Plaintiff's return to work was delayed for months by Defendants' actions, Defendants sought to have Plaintiff pay back disability benefits he received between October 2019 and April 2020. (First Amended Petition ¶ 72.)

## III. STANDARD FOR REMANDING WORKER'S COMPENSATION DISCRIMINATION CASES

"Federal Courts are courts of limited jurisdiction." Burke v. Versa-Tags, Inc., 2009 WL 3433471 *6 (E.D. Mo. 2009). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923 (8th Cir. 2014); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

Even if other federal jurisdictional prerequisites are met, Congress has prohibited removal of cases involving any workers' compensation law. 28 U.S.C. § 1445(c) provides that a "**civil action** in any State court **arising under the workmen's compensation laws** of such State **may not be removed** to any district court of the United States." (Emphasis added.) The Eighth Circuit has determined that actions for worker's compensation discrimination under RSMO § 287.780 arise under Missouri's workers' compensation laws and are not removable. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995); Johnson v. Agco Corp., 159 F.3d 1114, 1116 (8th Cir. 1998).

The only other claim in this case is disability discrimination under the Missouri Human Rights Act. That claim may not be severed and retained in this Court even if diversity of citizenship exists. Burris v. Zale Delaware, Inc., 2009 WL 3762987 *3 (W.D.Mo. 2009).

Where a defendant alleges that a claim has been fraudulently joined, the claim must be "so baseless … as to constitute a fraudulent attempt to thwart removal." Dame v. Southwestern Bell Telephone Co., 2021 WL 67213 *2 (W.D. Mo. 2021). The Court must determine if there is any reasonable basis for predicting that state law might impose liability on the facts alleged. Id.

## IV. SUGGESTIONS IN SUPPORT OF MOTION TO REMAND

Plaintiff asserts claims for worker's compensation discrimination under RSMo § 287.780 and disability discrimination under the Missouri Human Rights Act. 28 U.S.C. § 1445(c) prohibits removal of civil actions arising under a state's workmen's compensation laws. Plaintiff's claim for worker's compensation discrimination arises under Missouri's workers' compensation statute and is not removable to federal court.

Defendants, however, ignored 28 U.S.C. § 1445(c) and removed the case to this Court on the basis of diversity of citizenship. Defendants insist that Plaintiff's claim under RSMo § 287.780 is "frivolous"[1] because 28 U.S.C. § 1445(c) only applies to worker's compensation claims that seek compensation benefits, including medical treatment disability payments and permanency benefits, because Plaintiff failed to allege that he was terminated from employment, and because Plaintiff did not file a worker's compensation claim. Defendants' position is contrary to both Missouri and controlling Eighth Circuit precedent.

### A. Claims for Worker's Compensation Discrimination arise under state worker's compensation law.

Defendants assert 28 U.S.C. § 1445(c)'s prohibition on removal of worker's compensation cases is limited to worker's compensation claims seeking medical benefits, treatment, or temporary or permanent disability benefits. Defendants' position is contrary to controlling Eighth Circuit precedent. **The Eighth Circuit has already concluded that claims for discrimination under RSMO § 287.780 arise under the state workers' compensation laws and are not removable.** See Humphrey, 58 F.3d at 1245 (holding

---

[1] Defendants do not assert that the worker's compensation discrimination claims were fraudulently joined. Instead they use the term "frivolous."

that plaintiff's action for retaliatory discharge under Mo. Rev. Stat. § 287.780 **arose under Missouri's workers' compensation laws and was not removable** under 28 U.S.C. §1445(c)). Since Humphrey, Courts within the Eighth Circuit have repeatedly confirmed that a claim for workers' compensation discrimination under Missouri law is not removable to federal court. *See* Phillips v. Ford Motor Co., 83 F.3d 235, 236 n.3 (8th Cir. 1996); Johnson, 159 F.3d at 1115-1116 (noting that §1445(c) prevented removal of a retaliatory discharge claim under Mo. Rev. Stat. §287.780 even though there was diversity of citizenship among the parties); Thomas v. DCL Fabrication, Inc., 2016 WL 3971395, *3-4 (E.D. Mo. 2016); Burris v. Zale Delaware, Inc., 2009 WL 3762987, *1-2 (W.D. Mo. Nov. 10, 2009).

Furthermore, Humphrey made it clear that "under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore Sec. 1445(c) applies…." Humphrey, 58 F.3d at 1245. Accordingly, 28 U.S.C. §1445(c) prohibits removal in this case, even if diversity of citizenship is demonstrated.

### B. An employee need not be terminated or file a worker's compensation claim to pursue a claim for worker's compensation discrimination under RSMO § 287.780.

Defendants assert that Plaintiff's claim for discrimination under Missouri Worker's Compensation Law is "baseless given the fact his continued employment makes them factually impossible." While not referenced in Defendants' Removal, Plaintiff anticipates that Defendants will also assert that Plaintiff's claim for discrimination under Missouri Worker's Compensation Law is "baseless" because Plaintiff did not file a claim for

5

worker's compensation. Neither termination of employment nor a worker's compensation claim are required elements in a worker's compensation discrimination claim under RSMO § 287.780.

Plaintiff's claim for worker's compensation discrimination is brought under RSMO § 287.780. This statute provides that "no employer or agent shall discharge **or discriminate** against any employee **for exercising any of his or her rights** under this chapter …." RSMO § 287.780 (Emphasis added.) Thus, the plain language of the statute allows claims for discrimination against employees that **exercise their rights** under the worker's compensation chapter. *See* Dame, 2021 WL 67213 *3; Davis v. Villages of Jackson Creek, LLC, Case No. 4:19-cv-01011-BCW (W.D. Mo. July 6, 2020). There are numerous ways that employees can exercise their rights under Missouri's Workers' Compensation Law, including reporting a work injury to the employer. *See* Dame, 2021 WL 67213 *3; Davis, Case No. 4:19-cv-01011-BCW; Demi v. Sheehan Pipeline Constr., 452 S.W.3d 211, 216-217 (Mo. App. E.D. 2014).

Accordingly, neither termination of employment nor a worker's compensation claim are required elements in a worker's compensation discrimination claim under RSMO § 287.780. *See* Dame, 2021 WL 67213 *3; Davis, Case No. 4:19-cv-01011-BCW; Demi, 452 S.W.3d at 216-217; Welker v. Panera Bread Co., 2011 WL 1327427 *2 (E.D. Mo. 2011); Reed v. Sale Memorial Hosp. and Clinic, 698 S.W.2d 931, 936 (Mo. App. S.D. 1985) (finding that a formal claim for worker's compensation is not necessary to invoke rights under § 287.780).

The Plaintiff in Davis claimed that workplace harassment had caused her mental distress, and that she reported this to her employer and was fired afterward. *See* Davis,

6

Case No. 4:19-cv-01011-BCW. The plaintiff filed suit in state court, claiming racial discrimination and workers' compensation retaliation under RSMo 287.780. The defendants removed on the basis that reporting an injury to an employer is not enough to trigger a workers' compensation retaliation claim. The <u>Davis</u> court determined that the plaintiff's internal report of injury was sufficient to trigger protection under the Missouri worker's compensation law. Further, the Court found that the plaintiff's report of injury formed the basis of a potential worker's compensation claim. *See* <u>Davis</u>, Case No. 4:19-cv-01011-BCW at 5. The Court determined that the worker's compensation discrimination claim was not fraudulent and remanded the case to state court.

In the present case, Plaintiff's amended petition expressly states that a claim for workers' compensation discrimination under RSMO § 287.780 is being pursued. (Amended Petition ¶ 14.) Plaintiff's amended petition contains allegations that demonstrate a reasonable basis for predicting that Missouri law might impose liability on the facts alleged. *See* <u>Dame</u>, 2021 WL 67213 *2:

- Plaintiff alleged that he "sustained an injury to his foot while at work." (Amended Petition ¶ 19, 82.)
- Plaintiff alleged that the injury was caused by boots provided by Defendants as part of Plaintiff's safety equipment. (Amended Petition ¶ 20-21.)
- Plaintiff alleged that he notified the Defendants that the boots were too tight and he was provided with a second pair. (Amended Petition ¶ 22.)
- Plaintiff alleged that he reported the injury to his supervisor. (Amended Petition ¶ 24, 82.)

- Plaintiff was absent from work as a result of the injury and received medical treatment and underwent surgeries as a result of the injury. (Amended Petition ¶ 27-37, 84-85.)

- Even when Plaintiff was released to return to work, Defendants required him to undergo multiple work function tests and delayed his return to work by months. (Amended Petition ¶ 40-70, 86-88.)

The allegations contained in Plaintiff's amended petition, when viewed under the standard applicable to a motion to remand and under the standard applicable to a motion to dismiss, are sufficient to state a claim under Missouri law and are not fraudulent (or frivolous) claims designed to preclude removal. *See* Dame, 2021 WL 67213 *3; Davis, Case No. 4:19-cv-01011-BCW; Welker, 2011 WL 1327427 *2; Demi, 452 S.W.3d at 216-217; Reed, 698 S.W.2d at 936.

### C. The Court must remand the entire case.

Plaintiff anticipates that Defendants will ask this Court to sever Plaintiff's state-law discrimination claims and retain jurisdiction over those claims based on diversity jurisdiction. A district court having jurisdiction solely based on diversity cannot sever a non-removable claim and adjudicate the remaining state claims. *See* Burris, 2009 WL 3762987 *3 ("There is no statutory provision that would allow a district court having jurisdiction based solely on diversity to sever a non-removable claim and adjudicate the remaining state claims.") As the Eighth Circuit made crystal-clear in Humphrey: "So long as § 1445(c) applies, the case is nonremovable even if the complaint also contains federal claims." Humphrey, 58 F.3d at 1245. Accordingly, any request that the Court retain jurisdiction over the disability discrimination claims must be overruled.

WHEREFORE, for the reasons set forth above, Plaintiff moves this Court for an Order remanding this action to Missouri state court.

*Respectfully Submitted,*

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By: /s/ Gene P. Graham, Jr.
      GENE P. GRAHAM, JR.   34950
      DEBORAH J. BLAKELY   47138
      19049 E. Valley View Pkwy, Suite C
      Independence, Missouri 64055
      816-373-9080  Fax: 816-373-9319
      ggraham@wagblaw.com
      dblakely@wagblaw.com

      ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the court's electronic court filing system on this 24th day of March 2021.

/s/ Gene P. Graham, Jr.
Counsel for Plaintiff