UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT MCCRACKEN<br><br>Plaintiff,<br><br>vs.<br><br>ABB INC. d/b/a ABB DE INC., and<br>ABB ENTERPRISE SOFTWARE INC.<br>a/k/a HITACHI ABB POWER GRIDS<br><br>Defendants. | Case No. 2:21-cv-04041-NKL<br><br>JURY DEMANDED |

**REPLY SUGGESTIONS IN SUPPORT OF DEFENDANTS' PARTIAL
MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION**

Defendants ABB Inc. d/b/a ABB DE Inc. and ABB Enterprise Software Inc. a/k/a Hitachi ABB Power Grids ("Defendants" or "ABB"), by and through their attorneys, file the following Reply Suggestions in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Petition, arguing in favor of this dismissal of Plaintiff's state law claims arising under RSMo. § 287.780 as follows:

**LAW AND ARGUMENT[1]**

Despite filing a Petition for Damages and Injunctive Relief, Amended Petition for Damages and Injunctive Relief ("Amended Petition"), a response to this Motion to Dismiss, and a Motion to Remand focusing on the same arguments, Plaintiff still fails to establish how his reporting of a simple blister, with no request for aid, no workers' compensation claim filed or pursued, and no allegation the Defendants knew the blister was connected to his diabetes and amputations,

---

[1] Defendants' Partial Motion to Dismiss Plaintiff's Amended Petition and Suggestions in Support (collectively "Motion to Dismiss") and Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand are incorporated herein by reference.

somehow evokes the protections afforded by the Missouri Workers' Compensation statutory scheme. As detailed below, Plaintiff's Amended Petition instead simply fails to state a claim for workers' compensation discrimination, retaliation, and/or retaliatory discharge. These claims should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.  Plaintiff's Amended Petition does not sufficiently allege any protected activity that could amount to the exercise of a workers' compensation right.**

Plaintiff's Amended Petition fails to allege that Plaintiff exercised a right protected under Missouri's Workers' Compensation Act, and this shortcoming is fatal because it is a required element for any actionable claim of workers' compensation discrimination, retaliation, and/or retaliatory discharge under Section 287.780. Importantly, Plaintiff concedes in his opposition to Defendants' Motion to Dismiss that he never filed a workers' compensation claim. *See* Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss, p. 6. Thus, Plaintiff must rely on the assumption that reporting the blister to his supervisor was sufficient to be considered the exercise of a right under Missouri's Workers' Compensation Act, but it was not.

As detailed in Defendants' Motion to Dismiss and Remand Opposition, Missouri courts have uniformly held that activity like that engaged in by Plaintiff does not constitute an exercise of rights under Section 287.780 of Missouri's Worker's Compensation Act. *See* Suggestions in Support of Defendants' Partial Motion to Dismiss, Section II.A; *see also* Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand ("Remand Opposition"), pp. 6-7. Plaintiff's opposition to Defendants' Motion to Dismiss misstates Defendants' position – Defendants acknowledge that Plaintiff was not necessarily required to file a formal workers' compensation claim to exercise a right under Missouri's workers' compensation law, but Plaintiff still needed to take some affirmative action to actually pursue a workers' compensation claim and/or benefits and

he failed to do so. *See Welker v. Panera Bread Co.*, No. 4:10CV2192 FRB, 2011 WL 1327427, at *2 (E.D. Mo. 2011).

Notably, one of the cases Plaintiff cites to support his contention that a formal workers' compensation claim is not required for a claim under Section 287.780 actually supports the prerequisite that a plaintiff must take some affirmative action to demonstrate a need for workers' compensation benefits in order to be able to file a cause of action under Section 287.780, which Plaintiff failed to do here. *Welker*, 2011 WL 1327427 (granting dismissal of the plaintiff's cause of action under Missouri's Workers' Compensation Law pursuant to Rule 12(b) for failure to state a claim upon which relief can be granted because the plaintiff did not take any affirmative action to exercise a right under Missouri's Workers' Compensation Law). Though Plaintiff alleges he reported his blister to his supervisor, as addressed in Defendants' Motion to Dismiss and again in Defendants' Remand Opposition, this alleged report by Plaintiff is not sufficient to be considered the exercise of a workers' compensation right. *Hall v. Nutro Company*, No. 17–00326–CV–W–ODS, 2018 WL 3190763, at *5 (W.D. Mo. 2018) ("To exercise a right under the worker's compensation law, courts have found an employee must demonstrate something more than the work injury occurring and the employee's report of the injury to a supervisor.").[2]

Plaintiff did not participate in any activity that could be considered the exercise of workers' compensation right. As a result, Plaintiff's Amended Petition fails to state a claim for discrimination, retaliation, and/or retaliatory discharge under Section 287.780, and Plaintiff's workers' compensation claim should be dismissed under Rule 12.

---

[2] As detailed in Defendants' Remand Opposition, the *Hall* Court held that the plaintiff's reporting of his injury to a supervisor, even in conjunction with the other facts of the case, was not sufficient to be considered an exercise of a right under Missouri's Worker's Compensation Law. *See* Remand Opposition, p. 7.

3

B.  **Plaintiff's continued employment with ABB Enterprise Software, Inc. defeats any claim for retaliatory discharge under Section 287.780, and Plaintiff's retaliatory discharge claim should be dismissed.**

Plaintiff's response to Defendants' Motion to Dismiss is noticeably thin relating to his claim of retaliatory discharge because Plaintiff's Amended Petition clearly states that Plaintiff remains employed with Defendants, making any claim by him for retaliatory discharge under Section 287.780 moot and subject to dismissal under Rule 12. *See* Amended Petition, ¶¶ 70-71. Defendants do not dispute that termination of employment may not be a required element for a workers' compensation discrimination claim, as stated in Plaintiff's response to Defendants' Motion to Dismiss; however, termination of employment is a required element of a claim for retaliatory discharge based on the exercise of a workers' compensation right. Mo. Stat. Ann. § 287.780; *Templemire v. W&M Welding, Inc.*, 433 S.W.3d 371, 382 (Mo. 2014). Accordingly, an employee like Plaintiff who remains employed with Defendants cannot bring a claim for retaliatory discharge under Section 287.780 when no discharge has occurred. *See Lambrich v. Kay*, 507 S.W.3d 66, 80 (8th Cir. 2016). Therefore, Plaintiff's claim for retaliatory discharge pursuant to Section 287.780 fails to state a claim and should be dismissed.

C.  **Plaintiff's Amended Petition does not connect Plaintiff's alleged injury with the purported discrimination or retaliation by Defendants, and as a result, Plaintiff's claim for discrimination and/or retaliation pursuant to Section 287.780 should be dismissed for failure to state a claim.**

Plaintiff concedes in his opposition to Defendants' Motion to Dismiss that he never filed a workers' compensation claim. *See* Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss, p. 6. As a result, Plaintiff argues that a discrimination or retaliation claim based on workers' compensation can exist where only a report of the alleged injury was made. *See* Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss, p. 7. However, the case law cited by Plaintiff to support his proposition are distinguishable because the employers at issue clearly knew

there was a noteworthy work-related injury by the nature of the injury alone. *See Davis v. Villages of Jackson Creek, LLC*, Case No. 4:19-CV-01011-BCW (W.D. Mo. July 6, 2020) (injury at issue was work-related mental stress due to threats of physical violence by other employees; employer knew of the injuries because the plaintiff repeatedly reported the threatening behavior causing her mental stress); *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211 (Mo. Ct. App. 2014) (injury at issue was heatstroke employee suffered while working on a project; employer knew of the injury because the employee quickly requested and received medical treatment for the heatstroke and was not able to work for several days); *Dame v. Southwestern Bell Telephone Co.*, No. 20-cv-00906-SRB, 2021 WL 67213 (W.D. Mo. Jan. 7, 2021) (distinguished from this case because the plaintiff sought medical treatment twice for injuries to his hand that were caused by his supervisor).

Here, according to his Amended Petition, the only injury Plaintiff allegedly reported was a blister requiring minimal first aid, if even that, and the Amended Petition does not contain any allegations or even any information to support an inference that Defendants knew the amputations to Plaintiff's foot were in any way connected to his blister and not just his diabetes. *See generally* Amended Petition. Accordingly, Plaintiff cannot articulate how Defendants supposedly discriminated or retaliated against him when Defendants did not even know there was a compensable injury, much less a workers' compensation claim. The allegations in Plaintiff's Amended Petition relating to his leave from work all stem from the amputations to his foot, and his pleading fails to articulate any knowledge attributable to Defendants that the amputation was connected to the blister. This gap in factual allegations cuts off the causation element of his workers' compensation claim under Section 287.780. To the extent Plaintiff alleges he was discriminated or retaliated against because of his foot amputations, these claims relate to his disability, not any workers' compensation issue. In fact, Plaintiff filed a Charge of Discrimination

with the Missouri Human Rights Commission and Equal Employment Opportunity Commission, but he noticeably did not file a workers' compensation claim because he cannot connect his alleged work-related injury – the blister – to his need for leave and return to work. Therefore, Plaintiff's Amended Petition fails to state a claim for workers' compensation discrimination or retaliation, and any such claims should be dismissed.

## CONCLUSION

For the foregoing reasons, and as stated in Defendants' Motion to Dismiss and Remand Opposition, Plaintiff's claim for discrimination, retaliation, and/or retaliatory discharge pursuant to Section 287.780 of Missouri's Workers' Compensation Act should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

 */s/ Jonathan C. Hancock*
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
Jonathan C. Hancock (TN Bar # 018018)
(admitted *pro hac vice*, Doc. No. 9)
Shayna A. Giles (TN Bar # 036023)
(admitted *pro hac vice*, Doc. No. 10)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
jhancock@bakerdonelson.com
sgiles@bakerdonelson.com
(901) 526-2000 – Telephone

SANDBERG PHOENIX
Zachary S. Merkle, #68258MO
Jonathan W. McCrary, #66484MO
600 Washington Avenue
St Louis, MO 63101
zmerkle@sandbergphoenix.com
jmccrary@sandbergphoenix.com
(314) 446-4225 – Telephone

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of April 2021, a copy of the foregoing Reply Suggestions in Support of Defendants' Partial Motion to Dismiss was filed electronically.

    Gene P. Graham, Jr.
    Deborah J. Blakely
    19049 East Valley View Parkway
    Independence, Missouri 64055
    (816) 373-9080 – Telephone
    (816) 373-9319 – Facsimile
    graham@wagblaw.com
    dblakely@wagblaw.com

    *Attorneys for Plaintiff*

                                                       */s/ Jonathan C. Hancock*