UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT MCCRACKEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ABB INC. d/b/a ABB DE INC., and<br>ABB ENTERPRISE SOFTWARE INC.<br>a/k/a HITACHI ABB POWER GRIDS<br><br>    Defendants. | Case No. 2:21-cv-04041-NKL<br><br>JURY DEMANDED |

## DEFENDANTS' SUGGESTIONS IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

Defendants ABB Inc. d/b/a ABB DE Inc. and ABB Enterprise Software Inc. a/k/a Hitachi ABB Power Grids ("Defendants" or "ABB"), by and through their attorneys, file the following Suggestions in Opposition to Plaintiff's Motion to Remand, arguing in favor of this Court's exercise of jurisdiction over Plaintiff's lawsuit as follows:

### INTRODUCTION

As addressed in more detail herein, a party like the Plaintiff here cannot include a claim in a lawsuit filed in state court for the sole purpose of avoiding this Court's diversity jurisdiction. Despite that, Plaintiff's Amended Petition for Damages and Injunctive Relief (the "Amended Petition") does exactly that and includes an entirely unsupported claim arising under the nonremovable Missouri state workers' compensation law. Plaintiff admits he never filed a workers' compensation claim, instead arguing that a workers' compensation claim and protected activity under the statute can exist where only a report of a blister was made. The cases Plaintiff cites for this proposition are distinguishable because the employers in those cases understood or

could have easily ascertained the employee suffered a compensable injury at work. In contrast, the only allegation of a reported injury sustained by Plaintiff is a blister – an injury that is simply not compensable under Missouri's workers compensation statutes. Thus, the Amended Petition does not and cannot connect Plaintiff's blister with the alleged discrimination and retaliation under Missouri's workers' compensation statute. Plaintiff alleges that he developed a blister on his foot at work, but Plaintiff's pleading then explains that his foot became infected and his underlying diabetes complicated an infection that followed. The ultimate result was a partial amputation of Plaintiff's foot. Amended Petition, ¶¶ 27- 28. Plaintiff's pleading further alleges his condition required "additional amputations," and that he applied for and received disability benefits. Amended Petition, ¶¶ 29-30. Plaintiff concedes that he did not file or pursue a claim for benefits or assistance, and his pleading omits any allegation that the infection and resulting amputations were injuries Plaintiff believes were suffered during the course and scope of his work or otherwise compensable under the Missouri workers' compensation statutory scheme. Plaintiff does not even allege that Defendants were aware of any connection between Plaintiff's blister and his amputations.

Plaintiff's Amended Petition does not seek workers' compensation benefits, nor does it allege that the Defendants failed to provide these benefits. Instead, Plaintiff's Amended Petition addresses the blister in four paragraphs, but devotes the remaining substantive paragraphs of the one hundred paragraphs included to Plaintiff's allegations that after his amputations his employer refused to allow him to return to work for approximately five months and his contention that this refusal to allow him to return to work amounts to disability discrimination. Very importantly, Plaintiff seeks both monetary damages and "injunctive relief against further *disability*

discrimination…," but does not seek or even mention workers' compensation benefits or any other specific relief available under the Missouri workers' compensation laws in the relief requested.

The facts in Plaintiff's Amended Petition do not create any actionable basis in fact or law to support Plaintiff's claim for discrimination, retaliation, and/or retaliatory discharge under Section 287.780 of Missouri's Workers' Compensation Act. These deficiencies are also addressed in Defendants' Partial Motion to Dismiss and Suggestions in Support (collectively the "Motion to Dismiss"), which is incorporated herein by reference. Plaintiff's Amended Petition does not allege any activity by Plaintiff that could ever constitute an exercise of rights under the workers' compensation statute, and equally fatal to Plaintiff's claims, his pleading does not allege any activity by Defendants that could be construed as discrimination and/or retaliation under the workers' compensation statute. Accordingly, as detailed herein, Plaintiff's inclusion of his workers' compensation claim in this action is fraudulent because the claims are frivolous, and Plaintiff's Motion to Remand should be denied.

## LAW AND ARGUMENT

The claims at issue in Plaintiff's Motion to Remand include his claims for discrimination, retaliation, and/or retaliatory discharge under Section 287.780, claims which Defendants argue in their Notice of Removal and Motion to Dismiss were fraudulently joined in an effort to thwart removal of this action. Defendants maintain that the facts alleged clearly confirm this is a disability discrimination case, and these facts also demonstrate that Plaintiff's efforts to include claims under Missouri's Workers' Compensation Act are intended solely to impede Defendants' ability to remove this matter to federal court and therefore rise to the level of fraudulent joinder.

**A.   This Court's review of a fraudulently joined claim is primarily fact-based.**

The precise standard for what constitutes fraudulent joinder in both the Eighth Circuit and other Circuits has not been uniformly described but has instead been explained in varying ways. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). For example, some courts look for "a reasonable basis in fact and law in the claim alleged" while others have "articulated something close to a dismissal standard" where removal to federal court is approved if the state court pleadings fail to state the claim at issue. *Filla*, 336 F.3d at 809-10. The "common thread in the legal fabric guiding fraudulent-joinder review . . . is reason." *Filla*, 336 F.3d at 810. Here, reason dictates that Plaintiff's workers' compensation claim is fraudulently joined.

"Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Id.* In this case, Section 287.780 precludes Plaintiff's cause of action based on workers' compensation discrimination or retaliation because Plaintiff's allegations do not meet the necessary elements to state an actionable claim as he did not exercise a workers' compensation right. Joinder is fraudulent where there exists no reasonable basis in fact and law to support the claim, but Plaintiff's pleading includes it anyway for the sole purpose of defeating federal jurisdiction. *Id; see also In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010). Importantly, in determining whether Plaintiff's workers' compensation claim was fraudulently plead, which Defendants maintain is the case here, the Court can consider material outside of the allegations in Plaintiff's Amended Petition. *Block v. Toyota Motor Corp.*, 665 F.3d 944 (8th Cir. 2011) ("In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to determine if there is any factual support for the claims against the allegedly fraudulently joined defendant.") (holding there was no reasonable basis for the plaintiff's negligence claim and that the lower court's finding of fraudulent joinder was not improper).

Defendants therefore also suggest that this Court should consider the arguments included in the Motion to Dismiss.

**B.  Plaintiff's workers' compensation claim was fraudulently joined and should not be allowed to impede removal of this action to federal court.**

As detailed in Defendants' Motion to Dismiss and Reply, Plaintiff did not exercise a right under Missouri's workers' compensation statute, thus precluding him from now asserting any actionable cause of action under this statutory scheme.[1] According to the Amended Petition, Plaintiff reported that his work boots were too tight, and Defendants provided Plaintiff with new work boots. Amended Petition, ¶ 22. Plaintiff then developed a blister from his work boots, which he allegedly reported to his supervisor. Amended Petition, ¶¶ 23-24. Plaintiff does not allege the blister required medical attention or treatment other than first aid. *See generally* Amended Petition.

Plaintiff did not ever seek workers' compensation benefits through the procedures outlined by the Missouri Division of Workers' Compensation to report his alleged work-related injury, and that is clearly because he did not suffer a qualifying injury. The process for reporting an injury under this Act begins with the employee reporting the injury in writing to the employer:

> After an injury has occurred, the injured worker should notify the employer in writing of the injury; the written notice should include the date, time and place of injury, the nature of the injury and the name and address of the person injured. An employer or its insurer must report the injury, other than an injury that requires immediate first aid and no further medical treatment or lost time from work, to the Division of Workers' Compensation . . . .

MISSOURI DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS, Injury Reporting Responsibilities, https://labor.mo.gov/DWC/Employers/report_respon (current as of April 1, 2021). Plaintiff's Amended Petition does not allege that he notified ABB in writing of his injury, and Plaintiff further

---

[1] To prevail on a claim under Section 287.780, Plaintiff must establish that he was discharged or discriminated against for exercising his rights under Missouri's Workers' Compensation Act. *See* Suggestions in Support of Defendants' Motion to Dismiss, p. 6. However, Plaintiff did not seek or file a claim for workers' compensation benefits. Thus, Plaintiff did not engage in the protected activity required to establish a claim under Section 287.780 based on workers' compensation discrimination, retaliation, and/or retaliatory discharge. *Id.* pp. 6-7.

5

Case 2:21-cv-04041-NKL   Document 23   Filed 04/07/21   Page 5 of 12

does not demonstrate that his reporting of a simple blister indicated in any way it was an injury that would require anything other than first aid, if even that.

Plaintiff details in his Amended Petition how, due to his diabetes, the blister resulted in an amputation of his toe, but he does not allege that ABB knew about any connection between the blister and his toe being amputated. Plaintiff thus does not allege he met the reporting requirements needed for a workers' compensation claim, and no reasonable person or this Court can infer he has a potential cause of action for workers' compensation discrimination, retaliation, and/or retaliatory discharge under Section 287.780 based on the facts set forth in Plaintiff's Amended Petition. As a result, Plaintiff's Motion to Remand must fail because his arguments therein rely on the supposition that he both suffered and reported an actual injury, a position that is not supported by the relevant facts and law.[2]

Furthermore, Missouri courts have held that activity like that engaged in by Plaintiff does not constitute an exercise of rights under Missouri Worker's Compensation Act, including Section 287.780. "While the filing of a formal claim for worker's compensation benefits is not necessary to establish an exercise of rights under section 287.780, the fact that a work-injury occurred is not the exercise of a right under the worker's compensation law." *Hall v. Nutro Company*, No. 17–00326–CV–W–ODS, 2018 WL 3190763, at *5 (W.D. Mo. 2018). In fact, "To exercise a right under the worker's compensation law, courts have found an employee must demonstrate something more than the work injury occurring and the employee's report of the injury to a supervisor." *Hall*, 2018 WL 3190763, at *6 (holding the occurrence of a work injury combined with the report of an

---

[2] Plaintiff similarly fails to provide facts demonstrating any action by Defendants that could be construed as discrimination, retaliation, and or retaliatory discharge under the workers' compensation statute, particularly since Plaintiff returned to work twice since his initial blister injury, and he remains employed with Defendant ABB Enterprise Software Inc. *See* Suggestions in Support of Defendants' Motion to Dismiss, pp. 8-9.

injury to a supervisor and nurse did not constitute an exercise of a right under the worker's compensation law). More succinctly, claims under Section 287.780 have only been held actionable where the employee took some affirmative action to exercise a right granted by Missouri's Workers' Compensation Law. *Welker v. Panera Bread Co.*, No. 4:10CV2192 FRB, 2011 WL 1327427, at *2 (E.D. Mo. 2011) (granting dismissal of the plaintiff's cause of action under Missouri's Workers' Compensation Law pursuant to Rule 12(b) for failure to state a claim upon which relief can be granted).

Courts have repeatedly confirmed the requirements for actionable claims under the Missouri workers' compensation statutory scheme. For example, in *Hall*, the plaintiff sustained a hip injury at work while playing basketball and reported the injury to his supervisor and a company nurse. *Hall*, 2018 WL 3190763, at *1. The plaintiff argued without citing any legal authority that becoming injured at work and reporting that injury to a supervisor constitutes an exercise of rights under the workers' compensation law. *Hall*, 2018 WL 3190763, at *5. In examining the facts, the court found the plaintiff did not file a claim for workers' compensation benefits, the plaintiff did not interact with the defendant about his injury after reporting it other than to discuss his FMLA leave, and the plaintiff only sought treatment from his personal physician, not from any of the defendants' approved physicians. *Hall*, 2018 WL 3190763, at *6. The *Hall* Court found this activity was not sufficient to constitute an exercise of a right under the worker's compensation law for purposes of the plaintiff's workers' compensation retaliation claim and granted summary judgment on that claim in favor of the defendants. *Hall*, 2018 WL 3190763, at *6. Here, Plaintiff's actions are like those of the plaintiff in *Hall* as he did not file a workers' compensation claim, and his interactions with Defendants were primarily related to his ability to return to work from medical leave. While Plaintiff received some treatment from physicians approved by Defendants, the

7

treatment only occurred at Defendants' request and not for purposes relating in any way whatsoever to a workers' compensation claim.

Plaintiff also fails to allege affirmative action sufficient to create an inference he exercised a right under Missouri's Workers' Compensation Law, and his workers' compensation claim, therefore, cannot pass a fraudulent-joinder review. The only activity that could be construed as an exercise of workers' compensation rights in Plaintiff's Amended Complaint is his purported reporting of his blister to his supervisor – this activity is not sufficient to be considered an exercise of a workers' compensation right.[3] The case law cited by Plaintiff to support his proposition that a discrimination or retaliation claim based on workers' compensation can exist where only a report of the alleged injury was made are distinguishable because the employers at issue clearly knew there was a noteworthy work-related injury by the nature of the injury alone. *See Davis v. Villages of Jackson Creek, LLC*, Case No. 4:19-CV-01011-BCW (W.D. Mo. July 6, 2020) (injury at issue was work-related mental stress due to threats of physical violence by other employees; employer knew of the injuries because the plaintiff repeatedly reported the threatening behavior causing her mental stress); *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211 (Mo. Ct. App. 2014) (injury at issue was heatstroke employee suffered while working on a project; employer knew of the injury because the employee quickly requested and received medical treatment for the heatstroke and was not able to work for several days); *Dame v. Southwestern Bell Telephone Co.*, No. 20-cv-00906-SRB, 2021 WL 67213 (W.D. Mo. Jan. 7, 2021) (distinguished from this case because the plaintiff sought medical treatment twice for injuries to his hand that were caused by his supervisor).

---

[3] Plaintiff's lawsuit focuses on the treatment Defendants allegedly subjected him to after the infection of his foot and the consequential surgeries, *but none of his allegations allege he was mistreated for reporting his blister. See* Suggestions in Support of Defendants' Motion to Dismiss, p. 7.

Plaintiff's Amended Petition provides no facts from which this Court can reasonably conclude he may have a cause of action under Missouri's Workers' Compensation Act, and Plaintiff's Motion to Remand relies on the assumption that Plaintiff has plead an actionable workers' compensation claim, which he has not. In addition to Plaintiff's failure to plead he exercised a workers' compensation right, because he has not exercised any such right, Plaintiff remains employed with Defendants, *despite alleging in his Amended Petition that he was subjected to retaliatory discharge*. Importantly, Plaintiff does not even connect his blister to any alleged discrimination or retaliation by Defendants. Instead, Plaintiff makes a thinly veiled effort to stretch his blister into something that was the same or similar as his foot amputations. But reality and common sense dictate that the blister was just a blister, and based on Plaintiff's Amended Petition, Defendants had no knowledge to connect Plaintiff's blister to the subsequent amputations. To the extent Plaintiff alleges he was discriminated or retaliated against based on his amputations, that is consistent with Defendants' position that this is a disability case and not a case involving any workers' compensation issues. Plaintiff simply provides no allegations to demonstrate any activity by Defendants that could be construed as discrimination and/or retaliation that is connected to workers' compensation in any way.

Given the complete lack of factual support in his Amended Petition, Defendants argue it is clear from the Amended Petition that Plaintiff's workers' compensation claim was fraudulently joined to impede Defendants' removal of this action to federal court. Plaintiff's arguments in his Motion to Remand rely on the assumption that he both suffered and reported an actual injury; however, Plaintiff did not suffer or report an actual injury, and his efforts to articulate an actionable workers' compensation claim at this late date thus fail. Therefore, Plaintiff's Motion to Remand

should be dismissed because Plaintiff's workers' compensation claim was fraudulently joined and should not be allowed to prevent removal of this action to federal court.

There is no "reasonable basis" in fact or law that supports Plaintiff's workers' compensation claim, and yet, Plaintiff includes this claim anyway in his Amended Petition. When that happens, Courts can, and this Court should, conclude that the claim was fraudulently joined, is frivolous, and should be dismissed. *See Filla*, 336 F.3d at 809-10; *see generally* Amended Petition. Despite the arguments attempted in Plaintiff's Motion to Remand, removal of this case remains proper. Plaintiff's Motion to Remand should therefore be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Remand and Suggestions in Support.

Respectfully submitted,

 /s/ Jonathan C. Hancock
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Jonathan C. Hancock (TN Bar # 018018)
(admitted *pro hac vice*, Doc. No. 9)
Shayna A. Giles (TN Bar # 036023)
(admitted *pro hac vice*, Doc. No. 10)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
jhancock@bakerdonelson.com
sgiles@bakerdonelson.com
(901) 526-2000 – Telephone
(901) 577-2303 – Facsimile

SANDBERG PHOENIX
Zachary S. Merkle, #68258MO
Jonathan W. McCrary, #66484MO
600 Washington Avenue
St Louis, MO  63101
zmerkle@sandbergphoenix.com
jmccrary@sandbergphoenix.com
(314) 446-4225 – Telephone

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of April 2021, a copy of the foregoing Suggestions in Opposition to Plaintiff's Motion to Remand was filed electronically.

Gene P. Graham, Jr.
Deborah J. Blakely
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 – Telephone
(816) 373-9319 – Facsimile
graham@wagblaw.com
dblakely@wagblaw.com

*Attorneys for Plaintiff*

                                                                      */s/ Jonathan C. Hancock*